MASXP-20050311
collins

Case 1:05-cv-12172-JLT  Document 7  Filed 11/25/05  Page 1 of 18 2

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

11/17/2005
02:10 PM

# ESCV2005-01672
## Toomey v Trugreen Chemlawn et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 09/22/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 11/17/2005 | **Session** | B - Civil-CtRm 1 (Newburyport) | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 12/21/2005 | **Answer** | 02/19/2006 | **Rule12/19/20** | 02/19/2006 |
| **Rule 15** | 02/19/2006 | **Discovery** | 07/19/2006 | **Rule 56** | 08/18/2006 |
| **Final PTC** | 09/17/2006 | **Disposition** 11/16/2006 | | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Stephen Toomey
Active 09/22/2005

**Private Counsel 648399**
John W Davis
Davis & Davis PC
77 Franklin St., 3rd Floor
Boston, MA 02110
Phone: 617-933-3838
Fax:
Active 09/22/2005 Notify

**Defendant**
Trugreen Chemlawn
Service pending 09/22/2005

**Private Counsel 554318**
Jeffrey Bennett
Bennett (Jeffrey) & Associates
l2l Middle Street
Suite 300, PO Box 7799
Portland, ME 04112-7799
Phone: 207-773-4775
Fax: 207-774-2366
Active 11/08/2005 Notify

**Defendant**
Robert Augusta
Service pending 09/22/2005

*** See Attorney Information Above ***

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 09/22/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 09/22/2005 | | Origin 1, Type B22, Track F. |
| 10/25/2005 | 2.0 | Amended complaint of Stephen Toomey |
| 11/08/2005 | 3.0 | Notice for Removal to the United States District Court filed by |
| | | Trugreen Chemlawn, Robert Augusta, Filed 11/7/05 |
| 11/17/2005 | | Case REMOVED this date to US District Court of Massachusetts |
| 11/17/2005 | | Papers/action forwarded to Salem Superior Court |

### EVENTS

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR ⬛ EPT.
CIVIL ⬛ NO.:

)
STEPHEN TOOMEY,                    )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )
TRUGREEN CHEMLAWN and              )
ROBERT AUGUSTA                     )
        Defendants.                )
_____)

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### Parties

1.  The Plaintiff, Stephen Toomey ("Plaintiff"), is an individual with a residence at 233 Oak Ridge Road, #20, Plaistow, New Hampshire.

2.  The Defendant, TruGreen ChemLawn ("TruGreen" or, together with Robert Augusta, "Defendants"), is a Massachusetts corporation with a place of business at 94 Flagship Drive, North Andover, Middlesex County, Massachusetts.

3.  The Defendant, Robert Augusta ("Mr. Augusta" or, together with TruGreen ChemLawn, "Defendants"), is an individual maintaining an office at 94 Flagship Drive, North Andover, Middlesex County, Massachusetts.

### Facts

4.  TruGreen hired the Plaintiff as a Sales Representative in February of 2004 and terminated him in February of 2005.

5.  The Plaintiff worked full-time as a Sales Representative for TruGreen and earned approximately $490.00 per week, plus commissions.

6.  The Plaintiff met TruGreen's job expectations.

7.  The Plaintiff reported to the Sales Manager at TruGreen. The Sales Manager had been Mr. Len Vinning when the Plaintiff was hired, but Mr. Robert Augusta took over that position in or about May of 2004.

8.  Mr. Augusta engaged in extremely offensive and unprofessional conduct at TruGreen. Mr. Augusta subjected the Plaintiff to harassment based on sex and national origin and subjected the Plaintiff and other employees to severe, offensive and humiliating conduct on a daily basis.

9.  Mr. Augusta noticed that the Plaintiff had pictures of his grandmother who is Japanese and his grandfather who is Irish, on his desk and then ridiculed the Plaintiff about his ancestry. Mr. Augusta told the Plaintiff's co-workers that the Plaintiff must have a small penis because his grandfather is Irish.

10. Mr. Augusta stated that the Plaintiff had the "Irish curse", implying that the Plaintiff had a small penis.

11. Mr. Augusta would call the Plaintiff a "red-headed sumo wrestler" and "Irish curse boy" in front of the Plaintiff's colleagues.

12. Mr. Augusta called the Plaintiff "tomato head" and stated that "Irish people are all drunks". Mr. Augusta also called the Plaintiff "lil' dick", "asshole", and "retard" in the office.

13. Mr. Augusta threatened to "blindfold me with dental floss", implying the Plaintiff had narrow eyes. When the Plaintiff requested that Mr. Augusta stop making such insulting comments, Mr. Augusta threatened to "kick [his] ass".

14. Mr. Augusta would also pinch the Plaintiff's nipples.

15. The Plaintiff felt powerless to stop Mr. Augusta's conduct because Mr. Augusta threatened to terminate complaining employees.

16. On one occasion outside of work, Mr. Augusta arrived at a bar where the Plaintiff and many of his co-workers were socializing. Mr. Augusta intentionally jabbed the Plaintiff in the penis with a billiard cue stick.

17. Mr. Augusta called another Irish employee, Mr. Tim Donohue, "Tim "Irish Curse" Donahue". Mr. Augusta called an overweight employee suffering from gout "Buddha". Mr. Augusta told a female employee that she was "trashy" and "smelly" and that she would probably "trade her food stamps for beer". He also approached her from behind and snapped her bra strap and grabbed her waist while simulating sexual intercourse.

18. Mr. Augusta ridiculed his sexual harassment training in front of his subordinates.

19. On Martin Luther King Day, Mr. Augusta labeled the day "Black Monday" and displayed caricatures of dark-skinned people with oversized lips and a hunched over posture.



A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

2

20. On at least one payday, Mr. Augusta unzipped his pants and placed an employee's paycheck in his pants, forcing the employee to retrieve the check from his crotch. He said "if you want it, come and get it".

21. Throughout February of 2005, the Plaintiff became frustrated with Mr. Augusta's conduct and became increasingly vocal about it. Mr. Augusta responded by retaliating against the Plaintiff.

22. Mr. Augusta terminated the Plaintiff in February of 2005. He alleged that the Plaintiff's performance was inadequate, despite the Plaintiff's satisfactory job performance.

23. The Plaintiff has suffered emotional distress because of Mr. Augusta's treatment. The Plaintiff has also suffered lost wages because of Mr. Augusta's decision to terminate him.

### Causes of Action

(Each Cause Of Action Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove.)

### FIRST CAUSE OF ACTION:

### NATIONAL ORIGIN AND SEX DISCRIMINATION
### IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B § 4

7.   This is a cause of action for national origin discrimination in violation of Massachusetts General Laws Chapter 151B § 4.

8.   The Plaintiff was subjected to a hostile work environment based upon his national origin.

9.   The Plaintiff was subjected to a hostile sexual environment that affected the terms and conditions of the Plaintiff's job.

10.  The Plaintiff was terminated for attempting to resist the hostility directed towards him by Mr. Augusta.

11.  As a result of the Defendants' conduct, the Plaintiff has suffered damages.

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

3

## SECOND CAUSE OF ACTION

### UNLAWFUL RETALIATION
### IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B §4(4)

12.    This is a cause of action for retaliation in violation of Massachusetts General Laws Chapter 151B §4(4).

13.    The Plaintiff was terminated for attempting to resist the hostility directed towards him by Mr. Augusta.

14.    As a result of the Defendants' conduct, the Plaintiff has suffered damages.

## THIRD CAUSE OF ACTION

### UNLAWFUL AIDING AND ABETTING
### IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B §4(5)

15.    This is a cause of action for aiding and abetting in violation of Massachusetts General Laws Chapter 151B §4(5).

16.    Mr. Augusta intentionally subjected the Plaintiff to a hostile work environment and adverse action because of his disability.

***The Plaintiff demands a jury trial on all triable issues.***

WHEREFORE, the Plaintiff prays that this honorable court:

1. enter an award of damages against the Defendants, including costs, reasonable attorney's fees and interest; and

2. grant such other relief as this court deems just and proper.

A TRUE COPY, ATTEST

DEPUTY ASST CLERK

4

Dated:  September 19, 2005

The Plaintiff,
Stephen Toomey,
By his attorney,

John W. Davis (BBO #648399)
Davis & Davis, P.C.
77 Franklin Street, 3rd Floor
Boston, MA 02110
(617) 933-3838

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

5

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | 155.22 | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|---|

**PLAINTIFF(S)**
STEPHEN TOOMEY

**DEFENDANT(S)** TRUGREEN CHEMLAWN
+ ROBERT ALBUSTA

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** JOHN DAVIS
DAVIS + DAVIS, P.C.
77 FRANKLIN ST. 3RD FL. BSTN 02110
Board of Bar Overseers number: 648 388

**ATTORNEY** (if known) PETER BENNETT
121 MIDDLE ST., STE 300
PO BOX 7288 PORTLAND, ME

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B 22 | EMP. DISCRIM | (F) | (x) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
   Subtotal $. . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . $. 5,000. +
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . $ 5,000. +
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
F. Other documented items of damages (describe) EMOTIONAL DISTRESS . . . . . . $. 5,000 +
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   PLAINTIFF SUBJECTED TO HOSTILE work
   ENVIRONMENT on BASIS of SEX
   + NATIONAL ORIGIN
   TOTAL $. 15,000. +

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY, ATTEST
_____
DEPUTY ASST. CLERK

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 9/19/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

**Commonwealth of Massachusetts**
**County of Essex**
**The Superior Court**

CIVIL DOCKET# **ESCV2005-01672-B**

RE: **Toomey v Trugreen Chemlawn et al**

TO:John W Davis, Esquire
   Weiner Law Offices (Robert E)
   1 Longfellow Place
   Suite 3409
   Boston, MA 02114

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described
below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 12/21/2005 |
| Response to the complaint filed (also see MRCP 12) | 02/19/2006 |
| All motions under MRCP 12, 19, and 20 filed | 02/19/2006 |
| All motions under MRCP 15 filed | 02/19/2006 |
| All discovery requests and depositions completed | 07/19/2006 |
| All motions under MRCP 56 served and heard | 08/18/2006 |
| Final pre-trial conference held and firm trial date set | 09/17/2006 |
| Case disposed | 11/16/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**
This case is assigned to session **B** sitting in **CtRm 1 (145 High St., Newburyport, MA) at
Essex Superior Court.**

Dated: 09/23/2005

Thomas H. Driscoll Jr.
Clerk of the Courts
BY: JoDee Doyle - Sheila Gaudette
Assistant Clerk

Location: CtRm 1 (145 High St., Newburyport, MA)
Telephone: (978) 462-4474

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

cvdtracf_2.wpd 573489 inidoc01 exarhose

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT DEPT.
                                              CIVIL ACTION NO.: 05-1672-B

STEPHEN TOOMEY,                       )
        Plaintiff,                    )
                                      )
v.                                    )
                                      )
TRUGREEN CHEMLAWN and                 )
ROBERT AUGUSTA                        )
        Defendants.                   )

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

## PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Stephen Toomey ("Plaintiff"), is an individual with a residence at233 Oak Ridge Road, #20, Plaistow, New Hampshire.

2. The Defendant, TruGreen ChemLawn ("TruGreen" or, together with Robert Augusta, "Defendants"), is a Massachusetts corporation with a place of business at 94 Flagship Drive, North Andover, Essex County, Massachusetts.

3. The Defendant, Robert Augusta ("Mr. Augusta" or, together with TruGreen ChemLawn, "Defendants"), is an individual maintaining an office at 94 Flagship Drive, North Andover, Essex County, Massachusetts.

### Facts

4. TruGreen hired the Plaintiff as a Sales Representative in February of 2004 and terminated him in February of 2005.

5. The Plaintiff worked full-time as a Sales Representative for TruGreen and earned approximately $490.00 per week, plus commissions.

6. The Plaintiff met TruGreen's job expectations.

7. The Plaintiff reported to the Sales Manager at TruGreen. The Sales Manager had been Mr. Len Vinning when the Plaintiff was hired, but Mr. Robert Augusta took over that position in or about May of 2004.

8. Mr. Augusta engaged in extremely offensive and unprofessional conduct at TruGreen. Mr. Augusta subjected the Plaintiff to harassment based on sex and national origin and subjected the Plaintiff and other employees to severe, offensive and humiliating conduct on a daily basis.

9. Mr. Augusta noticed that the Plaintiff had pictures of his grandmother who is Japanese and his grandfather who is Irish, on his desk and then ridiculed the Plaintiff about his ancestry. Mr. Augusta told the Plaintiff's co-workers that the Plaintiff must have a small penis because his grandfather is Irish.

10. Mr. Augusta stated that the Plaintiff had the "Irish curse", implying that the Plaintiff had a small penis.

11. Mr. Augusta would call the Plaintiff a "red-headed sumo wrestler" and "Irish curse boy" in front of the Plaintiff's colleagues.

12. Mr. Augusta called the Plaintiff "tomato head" and stated that "Irish people are all drunks". Mr. Augusta also called the Plaintiff "lil' dick", "asshole", and "retard" in the office.

13. Mr. Augusta threatened to "blindfold me with dental floss", implying the Plaintiff had narrow eyes. When the Plaintiff requested that Mr. Augusta stop making such insulting comments, Mr. Augusta threatened to "kick [his] ass".

14. Mr. Augusta would also pinch the Plaintiff's nipples.

15. The Plaintiff felt powerless to stop Mr. Augusta's conduct because Mr. Augusta threatened to terminate complaining employees.

16. On one occasion outside of work, Mr. Augusta arrived at a bar where the Plaintiff and many of his co-workers were socializing. Mr. Augusta intentionally jabbed the Plaintiff in the penis with a billiard cue stick.

17. Mr. Augusta called another Irish employee, Mr. Tim Donohue, "Tim "Irish Curse" Donahue". Mr. Augusta called an overweight employee suffering from gout "Buddha". Mr. Augusta told a female employee that she was "trashy" and "smelly" and that she would probably "trade her food stamps for beer". He also approached her from behind and snapped her bra strap and grabbed her waist while simulating sexual intercourse.

18. Mr. Augusta ridiculed his sexual harassment training in front of his subordinates.

19. On Martin Luther King Day, Mr. Augusta labeled the day "Black Monday" and displayed caricatures of dark-skinned people with oversized lips and a hunched over posture.

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

2

20. On at least one payday, Mr. Augusta unzipped his pants and placed an employee's paycheck in his pants, forcing the employee to retrieve the check from his crotch. He said "if you want it, come and get it".

21. Throughout February of 2005, the Plaintiff became frustrated with Mr. Augusta's conduct and became increasingly vocal about it. Mr. Augusta responded by retaliating against the Plaintiff.

22. Mr. Augusta terminated the Plaintiff in February of 2005. He alleged that the Plaintiff's performance was inadequate, despite the Plaintiff's satisfactory job performance.

23. The Plaintiff has suffered emotional distress because of Mr. Augusta's treatment. The Plaintiff has also suffered lost wages because of Mr. Augusta's decision to terminate him.

### Causes of Action

(Each Cause Of Action Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove.)

#### FIRST CAUSE OF ACTION:

#### NATIONAL ORIGIN AND SEX DISCRIMINATION
#### IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B § 4

7. This is a cause of action for national origin discrimination in violation of Massachusetts General Laws Chapter 151B § 4.

8. The Plaintiff was subjected to a hostile work environment based upon his national origin.

9. The Plaintiff was subjected to a hostile sexual environment that affected the terms and conditions of the Plaintiff's job.

10. The Plaintiff was terminated for attempting to resist the hostility directed towards him by Mr. Augusta.

11. As a result of the Defendants' conduct, the Plaintiff has suffered damages.

A TRUE COPY. ATTEST

DEPUTY ASST. CLERK

## SECOND CAUSE OF ACTION

### UNLAWFUL RETALIATION
### IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B §4(4)

12.    This is a cause of action for retaliation in violation of Massachusetts General
       Laws Chapter 151B §4(4).

13.    The Plaintiff was terminated for attempting to resist the hostility directed
       towards him by Mr. Augusta.

14.    As a result of the Defendants' conduct, the Plaintiff has suffered damages.

### THIRD CAUSE OF ACTION

### UNLAWFUL AIDING AND ABETTING
### IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B §4(5)

15.    This is a cause of action for aiding and abetting in violation of Massachusetts
       General Laws Chapter 151B §4(5) against Mr. Augusta.

16.    Mr. Augusta intentionally subjected the Plaintiff to a hostile work
       environment and adverse action.

*The Plaintiff demands a jury trial on all triable issues.*

WHEREFORE, the Plaintiff prays that this honorable court:

1. enter an award of damages against the Defendants, including costs, reasonable
   attorney's fees and interest; and

2. grant such other relief as this court deems just and proper.

4

Dated:  October 24, 2005

The Plaintiff,
Stephen Toomey,
By his attorney,

John W. Davis (BBO #648399)
Davis & Davis, P.C.
77 Franklin Street, 3rd Floor
Boston, MA 02110
(617) 933-3838

## CERTIFICATE OF SERVICE

I, John W. Davis, attorney for the Plaintiff, Stephen Toomey, hereby certify that a true copy of the above document was served upon Defendant's attorney of record, Peter Bennett, via first class mail, on October 24, 2005.

5

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT DEPT.
CIVIL ACTION NO.: ESCV2005-1672B

Stephen Toomey,

Plaintiff,

v.

TruGreen ChemLawn and,
Robert Augusta,

Defendants.

### NOTICE OF FILING OF REMOVAL

TO:   John W. Davis, Esq.                    Thomas H. Driscoll, Jr., Clerk
      Davis & Davis P.C.                     Essex County Superior Court
      77 Franklin St., 3rd Floor             145 High Street
      Boston, MA  02112                      Newburyport, MA 01950

Please take notice that on October 31, 2005, Defendants TruGreen ChemLawn *(sic)* and

Robert Augusta filed a Notice of Removal, a copy of which is attached, removing the above-

captioned civil action to the United States District Court for the District of Maine, Eastern

Division, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA

02210, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated:  Portland, Maine                 Respectfully submitted,
        November 2, 2005

                                        TruGreen ChemLawn *(sic)* and
                                        Robert Augusta,

                                        by their attorneys,

                                        Peter Bennett, Esquire
                                        Jeffrey Bennett, Esquire, BBO # 554318

THE BENNETT LAW FIRM
121 Middle Street, P.O. Box 7799
Portland, ME  04112-7799
Telephone: (207) 773-4775
Facsimile: (207) 774-2366
G:\DOCS\ServiceMaster\Toomey\Federal Court Pleadings\Notice of Filing Removal.doc

I hereby certify on /0-31-05 that the foregoing document is true and correct copy of th
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on __10-31-05
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 OCT 31   A 9: 53

U.S. DISTRICT COURT
DISTRICT OF MASS.

Stephen Toomey,

        Plaintiff,

v.

TruGreen ChemLawn and
Robert Augusta,

        Defendants.

Civil Action No. _____

# 05 - 12172 JLT

## NOTICE OF REMOVAL

Defendants, TruGreen ChemLawn *(sic)* ("TruGreen") and Robert Augusta ("Augusta") (collectively "Defendants"), pursuant to 28 U.S.C. §1441 *et seq.*, file this Notice of Removal to remove the above captioned action commenced by Plaintiff Stephen Toomey ("Toomey" or "Plaintiff") in the Superior Court for Essex County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

As grounds for removal, Defendants state the following:

1.    On or about September 19, 2005 Plaintiff commenced a civil action against Defendants in the Superior Court for Essex County, Commonwealth of Massachusetts, entitled *Stephen Toomey v. TruGreen ChemLawn (sic) and Robert Augusta,* Civil Action No. ESCV2005-1672B ("State Court Action"). Plaintiff then filed an Amended Complaint on or about October 24, 2005.

2.    On October 27, 2005, Defendants, through counsel, accepted service.

3.    In accordance with the Amended Complaint, and the actual state of affairs, the parties are domiciled as follows:

   (a) Plaintiff is an individual "with a residence at 233 Oak Ridge Road, #20, Plaistow, New Hampshire." Although Plaintiff alleges "a residence" in New Hampshire, Plaintiff is domiciled in the Commonwealth of Massachusetts. While employed by TruGreen, Plaintiff resided at 2 Boston Street, Apt.1, Haverhill, MA and maintained a Massachusetts Driver's License.   Based on information and belief, Plaintiff's current residence continues to be the same address in Haverhill, MA;

   (b) TruGreen is a Delaware corporation, with a principal place of business located at 860 Ridge Lake Blvd., Memphis, TN.   (The Amended Complaint incorrectly asserts that TruGreen is a Massachusetts corporation and alleges only that TruGreen has a place of business at 94 Flagship Drive, North Andover, Essex County, Massachusetts); and

   (c) Augusta is an individual residing in Kingston, N.H. (The Amended Complaint alleges only that Augusta is an individual maintaining an office at 94 Flagship Drive, North Andover, Essex County, Massachusetts).

2

4.     The Amended Complaint asserts no monetary demand.     The only statement of damages is set forth in the State Court Civil Action Cover Sheet. In accordance with State Rules, the statement of money damages does not constitute a judicial admission nor may it be admitted into evidence. See, Mass. Sup. Ct. R. 29. If Defendants believe the statement of damages filed by Plaintiff is inadequate, Defendants may specify in reasonable detail the potential damages that may result. Id. As set forth below, the amount in controversy, based on the claims asserted, exceeds $75,000.00.

Plaintiff's statement of damages includes only three categories: (1) documented lost wages of $5,000.00, (2) reasonably anticipated future medical and hospital expenses of $5,000.00, and (3) other documented items of damages, to wit emotional distress of $50,000.00.     Plaintiff anticipates future medical expenses, but omits accrued expenses. Plaintiff estimates accrued lost wages, but omits future lost wages.

In addition, when determining the amount in controversy, attorney fees are included in the calculation when fees are provided for by contract and/ or when a statute mandates or allows payment of fees. *Spielman v. Genzyme Corp.,* 251 F.3d 1, 7 (1st Cir. 2001); *Velez v. Crown Life Ins. Co.,* 599 F.2d 471, 474 (1st Cir. 1979). Plaintiff's claims are brought pursuant to Mass. Gen. Laws Chapter 151B §4, which allows for attorney fees to a prevailing party, Mass. Gen. Laws Chapter 151B §9, and Plaintiff's Amended Complaint demands attorney fees. Fees, coupled with other categories of damage, place the amount in controversy in excess of $75,000.00.

3

5.    Based on the foregoing, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332. This civil action is being removed pursuant to 28 U.S.C. §§1441 and 1446.

6.    As set forth in the Declaration of Jeffrey Bennett, copies of all process, pleadings and orders received by or served on Defendants through counsel in connection with the State Court Action are submitted herewith.

WHEREFORE, the Defendants respectfully request that this action proceed as an action removed to the United States District Court for the District of Massachusetts from the Essex County, Commonwealth of Massachusetts, Superior Court, for the above stated reasons.

Dated: Portland, Maine
    October 26 , 2005

Respectfully submitted,

TruGreen ChemLawn (*sic*) and
Robert Augusta,

by their attorneys,

Peter Bennett, Esquire
Jeffrey Bennett, Esquire,
BBO # 554318

The Bennett Law Firm
121 Middle Street, P.O. Box 7799
Portland, ME  04112-7799
Telephone:  (207) 773-4775
Facsimile:  (207) 774-2366

G:\DOCS\ServiceMaster\Toomey\Federal Court Pleadings\Notice of Removal.doc