UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Stephen Toomey,<br><br>            Plaintiff,<br>v.<br><br>TruGreen ChemLawn and<br>Robert Augusta,<br><br>            Defendants. | Civil Action No.:  05-CV-12172 |

**AFFIDAVIT OF ROBERT AUGUSTA**

NOW COMES Robert Augusta, first duly sworn, and states and deposes as follows:

1. I am Robert Augusta, an individual of majority age who is competent to testify to the statements made in this affidavit. I was hired by TRUGREEN LIMITED PARTNERSHIP (incorrectly named as TruGreen ChemLawn) ("TruGreen") in April 1996 to work in the position of Lawn Technician at TruGreen's facility located at 94 Flagship Drive, North Andover, Essex County, Massachusetts commonly referred to as "Boston North."  In or about January 1997, I became a Residential Sales Representative ("RSR") and except for a brief period when I worked at another branch in Portland, Maine, I worked in sales as a RSR at Boston North. On May 24, 2004, I was promoted to the position of Sales or Marketing Manager at Boston North.

2. I make this affidavit based on my own personal knowledge.

3. On February 25, 2005, a Friday, at approximately 8:00 p.m. I instructed the sales representatives on duty that we needed to have a strong last hour.  Not very long

1

after I gave my instruction, I noticed that Stephen Toomey ("Mr. Toomey"), one of the Residential Sales Representatives was not on the phone making sales calls. Instead, he was on the phone talking to a co-worker. I checked back approximately ten minutes later and Mr. Toomey still was talking to a co-worker and not making sales calls. At that point, I asked Mr. Toomey to come down to my office.

4. After getting to my office, I asked Mr. Toomey why he was not on the phones making sales calls. He said he was tired of being on the phones and he was not happy with the money he was making.

5. Telemarketing requires a positive attitude and the ability to get past customer hang-ups and rejection. During the time I was the Sales Manager, I had tried to provide encouragement to Mr. Toomey and his usual response was "I'm trying man."

6. Mr. Toomey had a difficult time with customer hang-ups and customer rejection. This sometimes led to customer complaints about Mr. Toomey and his rudeness. It is Company policy that all contact with customers or potential customers must be polite.

7. On February 25, 2006, I discussed with Mr. Toomey that his bad sales performance is tied to his lack of phone intensity and bad attitude toward making calls. Mr. Toomey told me he did not care about his bad attitude because he could not take the constant phone rejection anymore. At that point, I told Mr. Toomey that it was best he and the Company parted ways.

8. I terminated Mr. Toomey's employment because he had directly disregarded my instructions, stopped making sales calls, and did not care that he had done so.

9. It was only after Mr. Toomey's employment was terminated that he became angry, started making complaints, and told me that he was going to see a lawyer and have us sued.

Dated: December 8, 2006                    /s/ Robert Augusta
                                           Robert Augusta

COMMONWEALTH OF MASSACHUSETTS
ESSEX, ss.                                 December 8, 2006

    Then personally appeared the above-named Robert Augusta and made oath that the foregoing is based on his own personal knowledge and is true and correct.

                                                                   Before me,

                                                             /s/ Ivan Emilio Hernandez
                                                            Notary Public
                                                            My Commission Expires: